# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-1886V

JULIA WHITE,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Chief Special Master Corcoran

Filed: September 5, 2024

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Nina Ren, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On December 12, 2019, Julia White filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following a tetanus-diphtheria-acellular pertussis vaccine administered on July 12, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 13, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On September 3, 2024, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $106,775.51 (comprised of $100,000.00 for pain and suffering, $645.00 for past unreimbursable expenses, and $6,130.51 for lost wages), and $1,067.77 to satisfy a State of South

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Carolina Medicaid lien. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award** the following compensation:

- **A lump sum of $106,775.51 (comprised of $100,000.00 for pain and suffering, $645.00 for past unreimbursable expenses, and $6,130.51 for lost wages) in the form of a check payable to Petitioner**;

- **A lump sum of $1,067.77, representing compensation for satisfaction of the State of South Carolina Medicaid lien payable jointly to Petitioner[3] and to:**

**Optum**
**PO Box 182643**
**Columbus, OH 43218**
**Optum Event Number: 94453205**

Proffer at 2.

The Clerk of Court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Petitioner agrees to endorse this payment to Optum for satisfaction of the Medicaid lien.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

JULIA WHITE,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

No. 19-1886V
Chief Special Master Corcoran
ECF

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On August 12, 2022, petitioner, Julia White, filed a Motion for a Ruling on the Record

(Motion) arguing that she has established entitlement to compensation for a shoulder injury

related to vaccine administration. ECF No. 46. Respondent filed his Response to petitioner's

Motion on September 12, 2022, recommending that entitlement to compensation be denied. ECF

No. 47. On June 13, 2023, the Court issued a Ruling on Entitlement, finding that petitioner is

entitled to compensation.[1] ECF No. 50.

**I.**      **Items of Compensation**

      A.      Pain and Suffering

Respondent proffers that petitioner should be awarded **$100,000.00** in pain and suffering.

*See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's June 13, 2023, entitlement decision.

B.    Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$645.00**.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

C.    Lost Wages

Evidence supplied by petitioner documents that she incurred past lost wages related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past lost wages in the amount of **$6,130.51**.  *See* 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

D.    Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy the State of South Carolina Medicaid lien in the amount of **$1,067.77**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of South Carolina may have against any individual as a result of any Medicaid payments the State of South Carolina has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related injury suffered on or about July 12, 2017, under Title XIX of the Social Security Act.

The above amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**II.    Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.  Respondent recommends that the compensation provided to petitioner should be made through

two lump sum payments as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[2]:

A.  A lump sum payment of **$106,775.51**, in the form of a check payable to petitioner.

B.  A lump sum payment of **$1,067.77**, representing compensation for satisfaction of the State of South Carolina Medicaid lien, in the form of a check payable jointly to petitioner and:

> Optum
> PO Box 182643
> Columbus, OH 43218
> Optum Event Number: 94453205

Petitioner agrees to endorse the check to Optum for satisfaction of the Medicaid lien.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

---

[2]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future unreimbursed expenses, future lost earnings, and future pain and suffering.

/s/ *Nina Y. Ren*
NINA Y. REN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington D.C. 20044-0146
(202) 305-3781
Nina.Ren@usdoj.gov

DATED: September 3, 2024

4